UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MANUEL McPHEE a/k/a ERIC PAUL,

              Petitioner,

         -against-

P. GRIFFIN, Warden of Eastern Correctional
Facility,
              Respondent.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**

13-CV-4660 (PKC)

PAMELA K. CHEN, United States District Judge:

      By petition dated August 12, 2013, petitioner Manuel McPhee, a/k/a Eric Paul, who is incarcerated at Eastern New York Correctional Facility, commenced this action pursuant to 28 U.S.C. § 2254 challenging his 1987 Kings County conviction. Following an initial review of the petition, the Court issued an order on March 5, 2014 directing petitioner to show cause by affirmation why the petition should not be dismissed as time-barred. *See* Dkt No. 5. Petitioner submitted a Response Memorandum of Law dated April 4, 2014 that was received by the Court on April 7, 2014. However, the Response fails to demonstrate that the instant petition is timely or that petitioner is entitled to equitable tolling of the statute of limitations. Therefore, the petition is dismissed as time-barred.

## DISCUSSION

I.    <u>Background</u>

      Petitioner alleges that he pled guilty to attempted criminal possession of a weapon in the third degree and was sentenced on May 26, 1987 to an indeterminate sentence of one-and-one-half to three years imprisonment. Aug. 12, 2013 Petition ("Pet.") at 1, ¶ 2. Petitioner did not

appeal his plea or sentence.  Pet. at 3, ¶ 8.  That conviction ("the 1987 conviction") was subsequently used to enhance petitioner's sentence on subsequent convictions.  Petitioner's Apr. 4, 2014 Response Memorandum of Law ("Mem.") at 6.  Petitioner apparently took no further action on the 1987 conviction until many years later, when he filed an application for a writ of error coram nobis in the Appellate Division, Second Department, seeking leave to file a late notice of appeal.[1]  The Appellate Division denied it on October 3, 2012.  *People v. McPhee*, 951 N.Y.S.2d 405 (N.Y. App. Div. 2012).  On February 25, 2013, the New York Court of Appeals denied leave to appeal.  *People v. McPhee*, 20 N.Y.3d 1063, 962 N.Y.S.2d 614 (2013).

Petitioner filed the instant motion pursuant to § 2254 on August 12, 2013.  In it, he argued that he was denied the effective representation of counsel on appeal because his plea counsel, Betsy Barros, Esq., failed to file a timely notice of appeal of the 1987 conviction. Finding that the petition appeared to be time-barred by 28 U.S.C. § 2244(d), the Court gave petitioner an opportunity to demonstrate that it was timely or that tolling was applicable.  *See* Dkt. No. 5 at 4-5.  Petitioner filed a timely response on April 7, 2014.

II.     The Petition Remains Time-Barred

Petitioner's April 4, 2014 Memorandum reiterates his claim that "petitioner was never afforded the right to his first appeal because of plea counsel failure to file his notice of appeal," citing *Restrepo v. Kelly*, 178 F.3d 634 (2d Cir. 1999).  Mem. at 1.  Petitioner asserts that his counsel consulted with him about filing an appeal.  Mem. at 3.  It is not clear what petitioner means to convey by his claim that "former trial attorney states in the record upon the stages of appeal due to his pleaded guilty to a charge" [*sic*].  *Id.*  Petitioner does not indicate whether he

---

[1]     Petitioner did not specify the date of his application before the New York courts, and so the exact date is unknown.

waived his right to appeal as part of his guilty plea. Although he says that the sentencing minutes would speak to this issue, he does not attach them.

Petitioner argues that his conviction never became final, because no notice of appeal was filed. Mem. at 8. Thus, he argues, the statute of limitations still has not begun to run. *Id.* Petitioner also asserts that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act") "would not apply to me" because of counsel's failure to file a notice of appeal. Mem. at 1. He provides no statutory or precedential authority for these assertions.

Notwithstanding petitioner's unsupported argument to the contrary, his conviction became final on June 25, 1987, when the time for filing a notice of appeal to the Appellate Division expired. *See* N.Y. Crim. Proc. Law § 460.10(1)(a). Although petitioner subsequently filed a very late motion seeking leave to file a late notice of appeal, that action does not disrupt the finality of his conviction or extend the limitation period. *Bethea v. Girdich*, 293 F.3d 577, 579 (2d Cir. 2000) ("[W]e hold that the filing of a motion to extend the time to appeal or to file a late notice of appeal does not 'restart' the AEDPA limitation period."). Since petitioner's judgment of conviction became final prior to the enactment of the AEDPA, petitioner had a grace period, consisting of one-year from the effective date of the Act, until April 1997, in which to timely file his habeas corpus petition. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998). By the time petitioner began to file post-conviction challenges to his conviction in state court, the grace period had long since expired.

The Court has considered whether 28 U.S.C. § 2244(d)(1)(B), (C), or (D) would apply to his claim. Here, petitioner has not alleged any State-created impediment to filing a timely petition, 28 U.S.C. § 2244(d)(1)(B), nor has he asserted any new constitutional right, *id.* at

§ 2244(d)(1)(C).  Petitioner could possibly argue, under subsection (D), that he only recently became aware that his trial counsel failed to file a Notice of Appeal.  *See* 28 U.S.C. § 2244(d)(1)(D) (providing an alternate starting date for the limitation period, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.").  However, petitioner's Response Memorandum fails to support such an argument.  Petitioner alleges that he "made effort to timely inquired Ms. Barros Esq to inform me of my review status for notice of appeals application, but counsel refused to response to me in this regard on the basis that she was not any more assigned to represent me" [*sic*].  Mem. at 4-5.  He claims that "the defendant attempted to obtain an affidavit from counsel reassurance [*sic*] that notice of appeal has been filed which dated June 1987 – September 1988, but she has refused to provide the requested affidavit."  Mem. at 6.  It is not clear from this ambiguous statement when petitioner made this request or whether he made any other efforts to determine whether an appeal had been filed on his behalf.  He states that he received his plea transcript in 1999.  Mem. at 5.  He asserts: "defendant apparently cannot be liable due to the standard for something he did not have sufficient knowledge that his former attorney alleged lapse until the law in *Syville* case come 2012 decision" [*sic*].

These statements fail to demonstrate that petitioner was unaware that no appeal had been filed or that he acted with due diligence to determine the status of any appeal during the period between 1987 and October 3, 2012, when the New York Supreme Court, Appellate Division, denied petitioner's application for a writ of error coram nobis seeking leave to file a late notice of appeal.  Accordingly, the Court finds that application of 28 U.S.C. § 2244(d)(1)(D) is inapposite.

III.     The Petition Is Not Eligible For Equitable Tolling

Petitioner's allegations are also insufficient to warrant equitable tolling of the statute of limitations.  In order to assert grounds for equitable tolling, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time and that he acted with reasonable diligence throughout the period he seeks to toll.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The case petitioner cites, *Restrepo v. Kelly*, permits counsel's failure to file a requested notice of appeal to serve as possible grounds for a claim for ineffective assistance of counsel; it does not provide grounds for tolling the statute of limitations.  Attorney error does not normally justify equitable tolling; in order to toll the AEDPA limitation period "an attorney's behavior must be so outrageous or so incompetent as to render it extraordinary."  *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003).  In this case, petitioner's counsel did not file a notice of appeal after petitioner pled guilty.  Petitioner has not indicated whether he waived his right to appeal at the time of his guilty plea.  He now alleges that he requested that counsel file a notice of appeal, but he does not provide any evidence for this claim.  He does not assert that counsel ever represented to him that she would file a notice of appeal.

Even if these facts were sufficient to demonstrate the presence of extraordinary circumstances, petitioner cannot meet his burden of showing that he acted with reasonable diligence throughout the period.  Had he not waived his right to appeal and had he requested that his attorney file a notice of appeal, he should surely have been aware of the alleged omission some time in the first 20 years after his conviction.  This lengthy delay contradicts any potential claim petitioner might raise that he acted with reasonable diligence throughout this period.  Accordingly, the Court finds no basis for equitable tolling of the statute of limitations.

## CONCLUSION

Upon consideration of the original petition and the Response Memorandum, the Court finds that it lacks jurisdiction over this petition because the statute of limitations has expired and there are no sufficient grounds for equitable tolling. Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d). A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.


/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge


Dated: Brooklyn, New York
         October 23, 2014